### STINE v. MOORE.
### No. 14933.

United States Court of Appeals
Fifth Circuit.
June 9, 1954.

---

2. See Givens v. Missouri-Kansas-Texas R. Co. of Texas, 5 Cir., 196 F.2d 905, 906.

3. Emphasis added.

Joe J. Tritico and George W. Liskow, Lake Charles, La., for appellant.

S. W. Plauche, Jr., Plauche & Plauche, Lake Charles, La., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

This is an action for damages for the alleged breach of a contract with reference to the rental of land. The amount involved exceeds three thousand dollars, exclusive of interest and costs, and federal jurisdiction is based solely upon diversity of citizenship between the parties. The complaint alleged that the plaintiff was a citizen of Louisiana, residing in the Lake Charles division of the Western District thereof, and that the defendant was a citizen and resident of Texas. The defendant, appearing in person and by attorney, moved to dismiss the action for lack of the requisite diversity of citizenship. Contrary to the allegations of plaintiff's complaint, the defendant alleged that he was a citizen of Louisiana and resided in the same parish in which the plaintiff had his domicile.

■ The issue as to the defendant's citizenship being joined and trial had thereon, the court below sustained the motion to dismiss and entered judgment accordingly, from which this appeal was taken. There was ample evidence to sustain the court's finding that the defendant was a citizen of Louisiana. In addition, the court wrote an opinion on the law of the case that needs no elaboration on our part. We fully concur both in its findings of fact and conclusions of law, which in substance were as follows:

■ The burden of proving diversity jurisdiction, when challenged, is upon the plaintiff; but when it is shown, as in this case, that the appellant had a former domicile in Texas, the presumption is that it continues to exist, and the burden shifts to the defendant to prove that it has changed. It is not disputed that, until the year 1947, following his marriage in 1946, the defendant resided and had his domicile in Orange, Texas. Since then he has done many things which, on their face, tend to support the conclusion that he intended to retain his domicile in Texas, such as paying poll taxes and voting in that state, making returns and paying Louisiana income tax-

es as a non-resident, maintaining a residence and post-office box through which he received some of his mail at his former address in Orange, Texas, and making his federal income-tax returns from that address. Nevertheless, he did move to Louisiana with the bona fide intention of remaining there permanently, which is the true test; and he has, beyond question, continued to live at Gum Cove plantation in Cameron Parish, Louisiana, since moving there in 1947. He and his wife both testified that they made this change on the advice of appellant's doctor, and expect to continue there "from now on out." The house in Orange, which he still owns, is occupied by his mother and sisters, though a room or accommodations therein are kept for his use when he returns to visit in that city.

If the appellant made the change of residence from Texas to Louisiana with the bona fide intention of making Louisiana his home and living there permanently, then his domicile and citizenship were changed from Texas to Louisiana. Bouvier defines domicile as that place where a man has his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom, citing numerous authorities including one from Texas and one from Louisiana. Bouv. Law Dict. Rawle's Third Revision, p. 915. Many people think that they can have their permanent home and live indefinitely in one state, yet retain their citizenship and right to vote in another; but this is a very questionable idea if put to the test in any particular case. Cf. Hall v. Godchaux, 149 La. 734, 90 So. 145, and authorities therein cited.

■■■ With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile. It imports permanent residence in a particular state with the intention of remaining, and is not dependent on birth. Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protracted absence from home, where the intention to return remains. Mere mental fixing of citizenship is not sufficient. What is in another man's mind must be determined by what he does as well as by what he says. 35 C.J.S., Federal Courts, § 56.

■■ Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile. As stated by Mr. Justice Stone: "When one intends the facts to which the law attaches consequences, he must abide the consequences whether intended or not." State of Texas v. Florida, 306 U.S. 398, 425, 59 S.Ct. 563, 576, 83 L.Ed. 817.

■ Any person, *sui juris*, may make a bona fide change of domicile at any time, and we agree with the court below that the appellant had both the residence in fact and the purpose to make Louisiana his home in 1947, which constituted a change of his domicile from Texas to Louisiana. Accordingly, the judgment appealed from should be affirmed.

Affirmed.