**Howard E. HENDRIX, Plaintiff,**

v.

**Joseph A. ROSSITER, Jr., Administrator of the Estate of Glenn E. Holm, Defendant.**

Civ. No. 891.

United States District Court
S. D. Georgia,
Savannah Division.

Sept. 12, 1957.

Raymond L. Poston, Jr., Washington, D. C., for plaintiff.

Bouhan, Lawrence, Williams & Levy, Savannah, Ga., by Kirk McAlpin, Savannah, Ga., for defendant.

SCARLETT, District Judge.

This cause is presently before the Court on defendant's Motion to Dismiss the plaintiff's action on the grounds that it does not state a claim against defendant upon which relief can be granted, in that the deceased Glenn E. Holm, defendant, a nonresident of the State of Georgia at the time of his death, left no assets in Chatham County, Georgia, and the denominated defendant Rossiter, the County Administrator appointed to administer the assets of the deceased Glenn E. Holm, is not legally the administrator of said estate, the liability insurance policy upon which such administration in Chatham County was predicated not having a situs in Chatham County, Georgia, but rather in Spokane, Washington, the domicile of the nonresident deceased Holm.

The issue as to the Court's jurisdiction is involved, it having been raised when the defendant questioned whether the denominated defendant Rossiter (the Administrator) was properly before this Court so as to vest jurisdiction, when the deceased Holm was a nonresident leaving no assets in Chatham County to be administered.

The Motion to Dismiss poses two main questions: (1) Was the deceased Holm domiciled in Spokane, Washington and a nonresident of Georgia at the time of his death? (2) If he was a nonresident of the State of Georgia, domiciled in the State of Washington, would his ownership of a liability insurance policy issued to him by a foreign insurer at Spokane, and not having situs in Chatham County, constitute an asset in Chatham County such as to warrant the appointment of an administrator for such nonresident deceased?

The record before the Court, including affidavits, shows: Howard Hendrix, the plaintiff, was riding as a passenger in the automobile of the deceased Glenn E. Holm on November 20, 1955, when they were involved in an accident in Savannah, Chatham County, Georgia, in which Holm received injuries and died, and Hendrix received injuries for which he instituted the present suit against the estate of the deceased Holm, charging gross negligence in the operation of the automobile. Hendrix and Holm were both stationed at Hunter Air Force Base at Savannah, Georgia and were members of the 49th Bomb Squadron. They were both lieutenants; shared an apartment together in Savannah, Chatham County, Georgia, a distance of approximately five miles from Hunter Air Force Base; both were bachelors and had been in the Air Force only a short time. The affidavit of Holm's mother, Mrs. Lucille Holm, shows that Holm was raised and educated in Spokane, Washington, with a short stay in Seattle, Washington; his family lived at Spokane, Washington, where they maintain a permanent residence; he continuously considered Spokane, Washington as his permanent home, even during the time that he was attending the University of Idaho from 1949 through 1954; he maintained a room in his parents' home in Spokane, first at 50 West 13th Avenue, and from 1950 to the date of his death at 30 West 15th Avenue; he kept his personal belongings at 30 West 15th Avenue in his room, including civilian clothes, radio,

books, athletic equipment, spare automobile tires and other personal articles, all of which were stored and kept there for him, even at the time of his death. In 1954, upon graduation from college, he went to work as a steward for West Coast Air Lines, Inc., with headquarters in Spokane, still maintaining his home and receiving his mail at 30 West 15th Avenue. In June of 1954, he was ordered to active duty with the United States Air Force under the Armed Force Reserve Act of 1952,* he having earned a reserve commission in the ROTC at the University of Idaho, and being obligated under said Act to remain on active duty for a period of three years. He underwent flying training in Florida and Mississippi and earned his wings at Chandler, Arizona, and served from June, 1954 to the time of his death on November 20, 1955 at five (5) stations, to wit, San Antonio, Texas; Bartow, Florida; Greenville, Mississippi; Chandler, Arizona; Scott Air Force Base, Illinois; and Hunter Air Force Base, Savannah. His mother states under oath that she knows of her own knowledge that her son always intended to return to Spokane, Washington after being discharged from active military service, and that he intended to resume private employment in Spokane on his discharge. He maintained two savings accounts at Spokane at the Seattle-First National Bank and gave Spokane, Washington as his domicile and residence on all of his army records, as well as the records of his employer and the Elks Lodge at Spokane. The affidavit of Gloria Hyodo, personnel secretary for the West Coast Air Lines, Inc. at Seattle, the general office of the company, shows that she inspected the records of that company as they pertain to Glenn Elbert Holm, and that he was employed from March 15, 1954 through May 31, 1954, showing his residence as 30 West Fifteenth Avenue, Spokane, Washington, and that on May 31, 1954, he was called to active military duty and subsequent to that date was on military leave of absence from his employment with the West Coast Air Lines, Inc. An affidavit of Walter R. Horn, executive secretary of Spokane Lodge No. 228, Benevolent and Protective Order of Elks at Spokane, Washington shows that the said Holm was carried as a paid up member with the Spokane Lodge through April 1, 1956, having paid a full year's dues on March 24, 1955, and that he showed 30 Fifteenth Avenue, Spokane, Washington as his permanent home address on his application and membership records, and at the time of his death, the Lodge records showed 30 West 15th Avenue, Spokane, Washington as his permanent address.

The appointment of Rossiter as Administrator for the estate of the deceased Holm was predicated solely on the liability insurance policy issued to Holm as constituting assets in Chatham County, Georgia and having situs there. The plaintiff's attorney's affidavit of December 21, 1956 corroborates this as being the only claimed asset in Chatham County. The defendant contends that the insurance policy is not such an asset and has situs at the domicile of the deceased, which was Spokane, Washington and not Chatham County, Georgia, and that Rossiter is not legally the administrator for such reason. The defendant filed an affidavit of Mr. Walter Mercer, the local agent for Hartford Accident & Indemnity Company in Chatham County to show that a policy of insurance had never been issued or sold to the deceased Holm in Chatham County, Georgia, nor was any such policy in the hands or possession of the agent in Chatham County, and it had no situs in said county.

The Court having fully considered all of the evidence presented, the Record in said cause, the arguments and briefs of counsel, makes the following findings of fact and conclusions of law:

### Findings of Fact and Conclusions of Law

▆▆▆ (1) That it was the intention of the deceased Glenn E. Holm to return to Spokane, Washington upon his

---

* Now 10 U.S.C.A. § 101 et seq.

discharge from the United States Air Force, and his domicile at the time of his death was Spokane, Washington, not Savannah, Chatham County, Georgia. The affidavits of his mother, subsequent to his death, as well as from his place of employment, showing him to be on an extended leave of absence, and other evidence, leaves no room for doubt that his domicile and citizenship remained in the State of Washington. This finding is made notwithstanding his statement under oath on November 1, 1955, on his application for registration for Georgia license tags, that he was domiciled in Georgia. His answer of "Yes" on the form to the question which reads, "Are you domiciled in Georgia?" is not conclusive of his intention to establish citizenship and domicile in Georgia. The affidavit of his mother subsequent to death, setting forth the particulars of his background, his place of employment, his education, his future intentions and the reasons for his military service, which was only temporary and for a three year period, including his entire course of conduct, are more explanatory and expressive of his intentions than a mere "yes" on a form questionnaire applying for Georgia license tags, which question could very well have been misunderstood by the deceased Holm, he probably construing it to mean his present place of residence in Georgia, as distinguished from a declaration of intention to change one's citizenship and domicile. Residence alone is not equivalent of citizenship, nor is citizenship necessarily lost by protracted absence from home, where the intention to return remains. Stine v. Moore, 5 Cir., 1954, 213 F.2d 446.

(2) Having found that the deceased Glenn E. Holm was a nonresident of the State of Georgia at the time of his death on November 20, 1955, being domiciled in the State of Washington, this Court finds that a public liability insurance policy issued in Spokane, Washington by a foreign insurer to the deceased Holm did not have situs in Chatham County, Georgia, although Holm was temporarily residing in Chatham County, Georgia at the time of his death. In re Roche's Estate, 1954, 16 N.J. 579, 109 A.2d 655, and In re Rogers' Estate, 1948, 164 Kan. 492, 190 P.2d 857.

Wherefore, it is Ordered, Decreed and Adjudged that the defendant's Motion to Dismiss the plaintiff's complaint be, and the same is hereby granted.

In Open Court, this 11th day of September, 1957.