**Michael CHEEK, Plaintiff,**

v.

**Porter L. FORTUNE, Jr., Chancellor of the University of Mississippi, et al.**

**No. WC 71–41–S.**

United States District Court,
N. D. Mississippi, W. D.

March 30, 1972.

Stanley L. Taylor, Jr., Oxford, Miss., for plaintiff.

A. F. Summer, Atty. Gen. of Miss., Ed Davis Noble, Jr., Heber Ladner, Jr., Sp. Asst. Attys. Gen., William A. Allain, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

Before COLEMAN, Circuit Judge, and KEADY and SMITH, District Judges.

PER CURIAM:

This action was filed August 26, 1971, and challenges the right of the State of Mississippi, its junior colleges and institutions of higher learning, to enforce the provisions of Section 6800–11, Mississippi Code Ann. (1971 Cum.Supp.) pertaining to the legal residence of and tuition to be charged students attending the junior colleges and institutions of higher learning within the state.

Plaintiff, Michael Cheek, alleges in the complaint that he is a citizen of the United States, an adult resident citizen of the State of Mississippi, and that he has been continuously enrolled as a student in the University of Mississippi at Oxford, Mississippi since January 1970. As a resident of Mississippi, plaintiff contends that the enforcement of the statute aforesaid deprives him of rights and privileges secured to him by the Constitution of the United States. The action is filed pursuant to the provisions of 42 U.S.C.A. § 1983 [1] and jurisdiction

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

is said to be based on 28 U.S.C.A. § 1343(3) and (4) and 28 U.S.C.A. § 2201.

Plaintiff contends that defendants refuse to accept him as a resident student at the University although he has actually resided within the state for more than one year, and intends to make the state his permanent home. Defendants refuse to grant plaintiff the status of a resident student because they contend that ever since he moved to Mississippi he has been continuously engaged as a student at the University.

It is the position of defendants that Section 6800–11 creates an absolute and irrebuttable presumption of nonresidency for one who enters an educational institution of higher learning in the state before he has been a resident within the state for one year.

They take the further position that this presumption is absolute and cannot be overcome under any set of circumstances.[2] Plaintiff did not physically move to Mississippi until January 1970. Prior to that time he had, on occasions, visited relatives at Vardaman, Mississippi, but, otherwise, he had never physically resided within the state.

In January 1970 plaintiff and his wife moved from West Memphis, Arkansas to Oxford, Mississippi and established a place of residence on the campus of the University of Mississippi, at 308 Van Buren Avenue.

Plaintiff was granted permission by the University to move a mobile home on the University campus, and maintain the home as a place of residence while a student. Plaintiff and his wife were occupying the home as a place of residence at the time this action was commenced.

Plaintiff alleges that he moved to Mississippi with the intention of making Mississippi his permanent place of residence, and that he has been and is now a bona fide resident of the state. Thus, plaintiff contends that he has been a resident of Mississippi for more than twelve (12) months prior to the commencement of this action.

As has been noted, plaintiff cannot obtain the status of a resident student at the University under Section 6800–11, and share the more favorable tuition rates and other resident student benefits with resident students, because he was not physically present within the state as a resident for a continuous period of at least twelve (12) months immediately preceding his admission to the University. Thus, plaintiff contends that the statute deprives him of the equal protection of the law guaranteed to him by the Fourteenth Amendment to the Constitution of the United States, in that the statute provides different and more favorable benefits for students who have been residents of the state for the twelve month period immediately preceding admission to the University, than

2. Miss.Code Ann. § 6800–11 (Supp.1971), provides in part:

"Legal residence of an adult. The residence of an adult is that place where he is domiciled, that is, the place where he actually physically resides with the intention of remaining there indefinitely or of returning there permanently when temporarily absent.

. . . . .

Twelve months of residence required. No student may be admitted to any institution of higher learning as a resident of Mississippi unless his residence, as defined hereinabove, has been in the State of Mississippi for a continuous period of at least twelve (12) months immediately preceding his admission.

Residence in an educational institution not counted. A person who has entered the State of Mississippi from another state and enters an educational institution within twelve (12) months is considered a nonresident. For this reason, any period of time when such a person is enrolled in any educational institution in Mississippi may not be counted as any part of the twelve-month prerequisite to his admission to an institution of higher learning as a resident student. Even though he may have been legally adopted by a resident of Mississippi, or may have been a qualified voter, or a land owner, or may otherwise have sought to establish legal residence, such a person will still be considered as being a nonresident of Mississippi if he has entered this State for the purpose of enrolling in an educational institution."

those accorded students who have been residents of the state for at least twelve (12) months but did not complete such period of residency prior to admission.

Plaintiff does not contest the right of defendants to enforce that portion of the statute which provides "A person who has entered the State of Mississippi from another state and enters an educational institution within twelve (12) months is considered a nonresident". Plaintiff, however, questions that part of the statute which provides "[A]ny period of time when such a person [a person who has entered the State of Mississippi from another state and enters an educational institution within twelve (12) months] is enrolled in any educational institution in Mississippi may not be counted as any part of the twelve-month prerequisite to his admission to an institution of higher learning as a resident student." The latter provision, plaintiff contends, violates the due process and equal protection clauses of the Fourteenth Amendment.

At the very threshold, and before reaching the merits of the case, we are faced with the issue of plaintiff's standing to sue. It is axiomatic that "The party who invokes the power [the power of a federal court to annul legislation, state or federal, on grounds of its unconstitutionality] must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement". Massachusetts v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078, 1085 (1923); Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989; Carter v. City of Fort Worth et al., 456 F.2d 572 (5th Cir., Opinion dated March 3, 1972).

It is, therefore, evident that in order for plaintiff to have standing to bring this action, he must have become a resident of the State of Mississippi when he moved on the University of Mississippi campus in January 1970. For if he has not, as yet, established himself as a resi-

dent of the state he has not suffered, nor, will he in the immediate future suffer any harm from the enforcement of the statute.

The evidence is not in conflict in any material respect. Plaintiff is twenty-five years of age. He enlisted in the United States Navy in March 1966, at which time he lived with his parents in Crawfordsville, Arkansas. Plaintiff was discharged from the Navy in September 1969. While in the Navy he was married in his home town of Crawfordsville, Arkansas, where his wife resided at the time. After the marriage on September 16, 1966 plaintiff returned to duty with the Navy. Immediately prior to his discharge in September 1969, plaintiff and his wife lived for a while in Downey, California near the base to which plaintiff was assigned. While in the Navy plaintiff maintained his permanent mailing address at Crawfordsville, Arkansas.

After his discharge plaintiff and his wife returned to Arkansas. Plaintiff's parents, in the meantime, had moved from Crawfordsville to West Memphis, Arkansas, some seven miles distant. After a visit with his parents, plaintiff secured work in West Memphis at the plant of Pidgeon Thomas Iron Company, where he worked until he moved to Oxford, Mississippi to enter the University.

Plaintiff was not twenty-one years old when he joined the Navy but became twenty-one in 1967 while in the service. Plaintiff testified that when he became twenty-one years of age he determined that Vardaman, Mississippi would be his place of residence. Plaintiff did not enter a change of residence in his service record, and did not take any affirmative step to evidence this intention.

After his discharge, as has been stated, plaintiff returned to Arkansas, where he obtained employment while awaiting the opportunity to enter the University of Mississippi. Plaintiff did not at any time move to Vardaman, Mississippi after being discharged from the Navy.

While in the Navy, plaintiff decided that he wanted to study law when he was discharged, and in 1968 wrote the University for a catalogue. It was at this time that he decided to go back to school and eventually to enter the University of Mississippi School of Law, of which he had heard good things. Accordingly, after returning to Arkansas he obtained an application form from the University; which he completed and returned to the Registrar's office. In the application plaintiff represented himself to be a resident of Mississippi, giving his permanent home address as Vardaman, Mississippi. Plaintiff further stated in his application that he had been a resident of the State for one and one-half years. The application is dated October 22, 1969, and plaintiff sought thereby to enter the School of Business and Government, as a sophomore, looking to a Bachelor of Science Degree and eventually to a law degree.

On the basis of the application plaintiff was accepted as a resident student and enrolled in the University in January 1970. In May 1970 University authorities questioned plaintiff's status as a resident student. After an investigation the University reached the determination that plaintiff was a nonresident and changed his status to correspond with such determination.

Plaintiff attempts to justify the representations in his application that he was and had been for a year and one-half a resident of the State at the time of the filing of the application on his determination and intention when reaching the age of twenty-one years to select Vardaman, Mississippi as his domicile. It is not necessary for the court to further pursue this contention, however, as plaintiff now rests his case on the proposition that he became a resident of

Mississippi when he moved from West Memphis, Arkansas to Oxford, Mississippi in January 1970 to enter the University.[3]

At the time plaintiff moved to Mississippi he and his wife owned an Oldsmobile Automobile with an Arkansas tag. They brought this automobile with them to Mississippi. Section 9352–20, Miss. Code Ann. (Cum.Supp.1971) provides in part that "Any nonresident of the State of Mississippi who has paid the current privilege license required by the laws of another state upon a private carrier of passengers, and thereafter becomes a resident of the State of Mississippi . . . shall be entitled to operate such vehicle without obtaining a privilege license in this state for a period of not more than thirty (30) days." Plaintiff did not comply with this statute. Plaintiff testified that as Arkansas tags are good for two years he did not purchase a new tag for this automobile after he moved to Mississippi. On October 5, 1971 plaintiff purchased a new automobile, and, for the first time purchased a Mississippi tag. The title to the automobile was issued by the Motor Vehicle Commissioner of Mississippi on November 16, 1971. Plaintiff's Mississippi address is shown on the title certificate. Plaintiff financed the purchase of this automobile through the Earle State Bank, Crawfordsville, Arkansas and acquired liability, collision and comprehensive coverage thereon through the Farm Bureau Mutual Insurance of Arkansas. Plaintiff's address is shown on the policy to be "Crawfordsville, Arkansas."

Before moving to Mississippi plaintiff purchased from a mobile home dealer in West Memphis, Arkansas a mobile home. Plaintiff thereafter moved this home upon the University campus. Plaintiff financed the purchase of the home

3. Plaintiff filed a written request with University's Committee Concerning State Residency on January 12, 1971, in which he expressly based his contention that he should be classified as a resident student for the purpose of assessing fees and tuition beginning with the 1971 Spring Semester on the fact he had resided within the State for over one year, during which time he and his wife had registered to vote and had acquired a legal residence in the State.

through the Earle State Bank, Earle, Arkansas. The note evidencing the loan shows plaintiff's address to be "Oxford, Mississippi". The home was insured by plaintiff through a Columbus, Mississippi mobile home dealer and the policy of insurance shows plaintiff's address to be "308 Van Buren, Oxford, Mississippi".

The record also reflects the purchase by plaintiff of a life insurance policy from the Southern Farm Bureau Life Insurance Company, Jackson, Mississippi. This policy was purchased on January 20, 1970, and shows plaintiff's address as "Box 86, Crawfordsville, Arkansas". The address was changed on April 28, 1970 to "308 Van Buren, Oxford, Mississippi".

After moving to Mississippi plaintiff's wife accepted employment as a teacher in the Lafayette County School System, and she has since been engaged in this work. Plaintiff registered for work at the employment office in Oxford in August or September 1971.

During his residency in Mississippi plaintiff has paid a property tax for one year on the mobile home, and he and his wife have registered to vote in Mississippi. The registration was accomplished on February 3, 1971. In July or August 1971 plaintiff obtained a Mississippi driver's license.

Plaintiff is attending the University on the GI Bill of Rights. The benefits received from this source and the earnings of his wife as a teacher afford plaintiff and his wife their means of support. The Veteran's benefits above mentioned expire in the spring of 1972.

Plaintiff testified that he moved to Mississippi so that he could attend the University Law School, as he has formed an intention to live in Mississippi after graduation and practice law. Plaintiff further testified that he wants to live in Mississippi, but he does not have any definite plans as to the exact place in Mississippi where he will live and pursue his profession. If plaintiff is accepted by the law school as a student upon his graduation in June 1972 from the School of Business and Government, and, if he successfully completes the course of study in the School of Law and is admitted to the Mississippi Bar, stated in his own words, he will "take job interviews, and things like that, to get a job".

It is at once apparent from the evidence in the action that plaintiff's residence, at least at this time, is not permanent. This is true because his continued residency in the State is conditioned upon (1) graduation from the School of Business and Government; (2) acceptance as a student in the School of Law; (3) graduation from the Law School; (4) admittance to the Mississippi Bar, and (5) employment somewhere in the State in the legal field.

The court is of the opinion and so finds that the plaintiff is not presently a resident of Mississippi and thus does not have standing to bring the action sub judice.

One essential element of domicile, which is almost synonymous with residency, is that the residence must be permanent, and not temporary in character.

All that plaintiff has established in this case is that he hopes to make Mississippi his home at some future date after his graduation from Law School and admission to the Bar. Should he fail in any of these undertakings the reason or basis for his residence in Mississippi vanishes.

The Supreme Court has said "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile". Texas v. Florida, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817, 834. See Stine v. Moore, 213 F.2d 446 (5th Cir. 1954).

It is quite apparent that plaintiff does not intend to establish his home on the University of Mississippi campus, nor in the City of Oxford, and the most that can be said in his behalf is that he hopes to become a lawyer and practice his profession in Mississippi. The contingencies with which plaintiff is faced

**734**

makes his residency temporary, to become permanent only upon the happening of the contingencies aforesaid. As the Mississippi Supreme Court, quoting from 17 Am.Jur. § 25, p. 605, held in Jones v. State ex rel. McFarland, 207 Miss. 208, 42 So.2d 123, 126, " 'The intention to make a home must be an unqualified one, not conditional on the happening of a future event.' " See 25 Am.Jur.2d, Domicile, § 26, p. 20.

It is stated in Am.Jur.2d Domicile, § 84 that:

> "Domicile is not determined by the fact of residence alone, but actual residence in a place is a circumstance which tends to prove domicil in that place; it is prima facie evidence of domicil. . . . The fact that a person stays at a place may be explained, however, and the presumption of domicil arising therefrom rebutted."

The Fifth Circuit, in a recent case, in discussing citizenship for the purposes of federal diversity jurisdiction, a matter akin to the issue in the case sub judice, said:

> "For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous. Stine v. Moore, 213 F.2d 446 (5th Cir. 1954). In determining one's 'citizenship' or 'domicile' statements of intent are entitled to little weight when in conflict with facts. Welsh v. American Surety Co. of New York, 186 F.2d 16 (5th Cir. 1951)."[4]

When tested in the light of the foregoing principles, the facts in the action sub judice do not sustain the proposition that plaintiff is a resident of Mississippi and qualified to bring the action.

The action will be dismissed for lack of standing on the part of plaintiff.

The court does not reach the merits of the action.

Let an order be entered accordingly.

---

4. Hendry and Lee v. Masonite Corp., etc., 455 F.2d 955, [5 Cir., Opinion dated March 1, 1972].