Andre HENDRY, Plaintiff-Appellant,

v.

MASONITE CORPORATION and Robert
E. Paul, Defendants-Appellees.

Vander E. LEE, Plaintiff-Appellant,

v.

MASONITE CORPORATION and Robert
E. Paul, Defendants-Appellees.

Nos. 71–2043, 71–2005.

United States Court of Appeals,
Fifth Circuit.

March 1, 1972.

Rehearing and Rehearing En Banc
Denied June 14, 1972.

George D. Maxey, Laurel, Miss., Stanford Young, Waynesboro, Miss., for Andre Hendry, plaintiff-appellant.

Quitman Ross, Laurel, Miss., for Vander E. Lee, plaintiff-appellant.

Thomas A. Bell, Joe H. Daniel, Jackson, Miss., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The issue here is whether there was requisite diversity jurisdiction in the federal court when these cases were removed from a Mississippi state court. We hold that the district court erred in not finding that one of the defendants, Robert E. Paul, was a citizen of Mississippi at the time process was served on him, so that these cases must be reversed and remanded to the district court with instructions to remand them to the state court.

For purposes of federal diversity jurisdiction "citizenship" and "domicile" are synonymous. Stine v. Moore,

213 F.2d 446 (5th Cir. 1954). In determining one's "citizenship" or "domicile" statements of intent are entitled to little weight when in conflict with facts. Welsh v. American Surety Co. of New York, 186 F.2d 16 (5th Cir. 1951).

The facts concerning the citizenship of defendant Paul are these. Until May 1, 1970, he was a vice president of the Masonite Corporation and manager in charge of its Mississippi operations with offices in Laurel, Mississippi. On April 13, 1970, Paul accepted a company promotion to Chicago, Illinois, to become effective on May 1, 1970. There is no doubt that when he accepted that promotion he then decided to move to Illinois and become a citizen there at some time. Thereafter, he was personally served on June 2, 1970, in the Hendry case and on June 13, 1970, in the Lee case. The issue is whether he had carried out his intention to move his domicile to Illinois prior to those two dates.

The facts set forth in Paul's affidavit are as follows:

"My promotion was announced to all Masonite personnel on April 24, 1970, and it became effective May 1, 1970. John S. Harper, my successor in Laurel, was appointed on April 24, 1970 and assumed his duties there on May 6, 1970. I established my office in Chicago on April 23 and 24, 1970, and occupied it beginning April 29, 1970. Thereafter, I spent most of my working time in Chicago, and I spent part of the week of May 11, 1970 at the Towanda, Pennsylvania Plant. I spent some of my time advising with John S. Harper, helping him to effectively assume his new duties. As soon as John S. Harper arrived in Laurel, I gave up the executive offices that I had occupied, and when I had the occasion to be in Laurel, I used a small office in another location.

"On May 19, 1970, I moved into an apartment at 1445 North State Parkway, Chicago, with most of my clothes and personal effects. I also moved a number of company files into said apartment, so that I could spend my spare time there reviewing them.

"About the time that I moved into said apartment, I began looking for a home in the Chicago area. On June 5, 1970, my wife and son came up to Chicago to assist in looking for a home. I purchased a home at 491 South Beverly Place, Lake Forest, Illinois, on July 15, 1970. My household furnishings were moved into my new home in early August, 1970. I signed a contract with Howard Johnson, Realtor, for sale of my home in Laurel, on May 18, 1970.

"Beginning May 1, 1970, my salary and travel expenses were borne by the home office."

Defendant and his wife personally voted in the primary election held in Jones County, Mississippi on June 2, 1970.

■■ Under all of the circumstances of this case, Paul proved only that at the time he was served with process, he had an intention to change his domicile at some future time. The only home he owned at the time of service was in Mississippi, all of his household furnishings were there, his family still lived there, and he still voted as a Mississippi resident. Only his working time was spent in Chicago. The burden was on Paul to show that he had changed his domicile prior to service. Stine v. Moore, *supra.* The evidence proves the case against him. Although in the Lee case he was served 11 days after he voted, rather than before he voted as in the *Hendry* case, we find no reason for distinguishing between the two. Nothing occurred after the first service and before the second which would evidence a change of domicile.

Our decision as to the citizenship of defendant Robert E. Paul controls the disposition of this case, and we pretermit a determination of the effect that the death of defendant Jesse White might have had on diversity jurisdiction

had he been the only defendant who was a citizen of Mississippi.[1]

We reverse the judgment of the lower court with instructions to remand the case to the Circuit Court of the Second Judicial District of Jones County, Mississippi.

Reversed and remanded, with instructions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1. Removal was obtained only after the death of defendant Jessie White, who was a Mississippi citizen. Prior to that time apparently no one was concerned with defendant Paul's citizenship because White's citizenship clearly destroyed diversity jurisdiction.