**Lawrence W. CANTOR, Plaintiff,**

**v.**

**WACHOVIA MORTGAGE, FSB, (f/k/a/ World Savings Bank FSB); and Tammy Laird, Individually, Defendants.**

**Civil Action No. 3:09–CV–0090–M.**

United States District Court,
N.D. Texas,
Dallas Division.

July 6, 2009.

Joseph E. Ackels, Ackels & Ackels, Dallas, TX, for Plaintiff.

Nicholas Even, Christopher A. Rogers, Haynes & Boone LLP, Dallas, TX, for Defendants.

## ORDER

BARBARA M.G. LYNN, District Judge.

Before the Court is Plaintiff's Motion to Remand [Docket Entry # 4]. Having considered the Motion, the parties' briefing, and the applicable law, the Court finds that the Motion should be DENIED.

Plaintiff Lawrence Cantor ("Cantor") filed this action for breach of contract, misrepresentation/negligent misrepresentation, negligence, and violations of the Texas Deceptive Trade Practices Act ("DTPA") in Texas state court on January 5, 2009. Cantor's claims are based on a notice sent in late 2008 by Defendants Wachovia Mortgage, FSB ("Wachovia") and Tammy Laird ("Laird"),[1] stating their intent to foreclose on Cantor's home, after he defaulted on mortgage payments.[2]

---

1. Laird is the substitute trustee under the deed of trust on Cantor's home.

2. Cantor specifically complains of Wachovia's refusal to use "the governmental assistance that we as taxpayers had provided Wachovia" to help resolve this matter, and Wachovia's position that it "was not required to follow Fannie Mae/Freddie Mac government guidelines." Cantor claims that he heard the President [Elect] "state that the money loaned to the banks by us as taxpayers and the United States Government should be used to help people like [him] ... [and asks] the Court to give [him] time for the new government to set up its guidelines and requirements in order that [he] may save [his] family and [his] home from this aggressive bank/lender."

Cantor sought a temporary restraining order against Defendants and their agents from foreclosing and/or attempting to foreclose on Cantor's property, which was granted by the state court on January 5, 2009.

On January 15, 2009, Wachovia removed this case, urging that "[r]emoval of this action is proper because this is an action between citizens of different states." Wachovia alleges as follows:

1. Cantor is a Texas resident and citizen.[3]

2. Wachovia is a citizen of Nevada, as a "Federal Savings and Lending Institution organized under the Homeowners Loan Act of 1933, 12 U.S.C. § 1461 et seq," with its home office in Las Vegas, Nevada.[4]

3. Cantor has pled fraudulent, incorrect jurisdictional facts about the residence and place of business of unserved Defendant Laird. Plaintiff attempted service on Laird at Wachovia's address, 1401 Wiseman Blvd., San Antonio, TX 78251. Defendant Laird is domiciled in California and has not been served with process in this case. Cantor has no reasonable basis to contend that Defendant Laird resides or maintains a place of business anywhere other than El Cajon, California.[5]

Wachovia also argues that even if this Court were to find that Laird is a Texas citizen, Cantor cannot establish a state cause of action against Laird, and thus her citizenship should be disregarded for diversity purposes. Essentially, Wachovia argues that the only Defendant properly joined and served in this case is Wachovia, and thus removal is proper.

Cantor argues that the allegation of citizenship as to Laird was made in good faith and on information and belief, and that a fact question exists as to whether Defendant Laird is a Texas citizen. Cantor further argues that he has a possible cause of action under Texas law against Laird, despite § 51.007 of the Texas Property Code, which provides a procedure for the dismissal of trustees sued in their official capacity.

Because no federal question is presented in this case, the Court must determine whether Wachovia has met its burden of demonstrating that removal was proper— either because all Defendants are facially diverse, or because no reasonable basis exists for Cantor to recover against Laird under state law, based on the allegations in the Complaint.

## Legal Standard

### A. Federal Jurisdiction

■ The jurisdiction of federal courts is limited.[6] A federal district court may exercise jurisdiction on two principal bases: (1) the existence of a federal question; and (2) complete diversity of citizenship between the parties when at least $75,000 is in controversy.[7] The removal statute, 28 U.S.C. § 1441(b), states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such

---

3. *See* Notice of Removal by Defendant Wachovia Mortgage, FSB at 1.

4. *See id.* at 1.

5. See Wachovia's Opposition to Motion to Remand at 1–4.

6. *See Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001).

7. *See* 28 U.S.C. §§ 1331, 1332 (West 2006 & Supp.2008).

action shall be removable *only if none of the parties in interest properly joined and served as defendants* is a citizen of the State in which such action is brought.

Accordingly, when a case involving a federal question is brought in state court, a defendant may remove without regard to the citizenship of the parties. In contrast, when federal jurisdiction is based on diversity of citizenship, § 1441(b) states that, even though originally brought in state court, a case can be removed to federal court "if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." [8] In short, where diversity jurisdiction is asserted, the removing party must prove that no properly joined and served defendants are citizens of the State in which the action is brought in order to establish federal subject matter jurisdiction.[9]

Removal jurisdiction is strictly construed, because it implicates important federalism concerns.[10] "[A]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." [11] The removing party bears the burden of establishing federal jurisdiction.[12] Contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, are resolved in the plaintiff's favor.[13]

In diversity cases, complete diversity does not exist if a plaintiff is a citizen of the same state as even one defendant.[14] Defendants served after the case has been removed may either accept the removal or move to remand.[15] If a defendant has been fraudulently joined, the citizenship of that defendant is disregarded for purposes of determining diversity.[16] Fraudulent joinder is established when the removing party meets the heavy burden of showing: (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[17]

### 1. Fraudulent Jurisdictional Facts

To prove improper joinder under the first ground, a defendant must show outright fraud in the plaintiff's pleading of the jurisdictional facts. The district court in the Western District of Texas recently addressed this requirement:

**8.** 28 U.S.C. § 1441(b) (West 2006 & Supp. 2008) (emphasis added).

**9.** *Id.*

**10.** *Bosky v. Kroger Tex. LP*, 288 F.3d 208, 211 (5th Cir.2002); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir.1997).

**11.** *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000); *Cross v. Bankers Multiple Line Ins. Co.*, 810 F.Supp. 748, 750 (N.D.Tex.1992).

**12.** *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008) (citing *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir.2005)); *Frank v. Bear Stearns & Co.*, 128 F.3d at 922 ("The removing party bears the burden of proving subject matter jurisdiction."); *De*

*Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

**13.** *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

**14.** *See* 28 U.S.C. 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).

**15.** *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988).

**16.** *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir.2004); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217–18 (5th Cir.1995); *see also Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).

**17.** *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003).

The Fifth Circuit has repeatedly declined to define this first prong of the well-established test for improper joinder. Most every case pertaining to improper joinder in this circuit has been determined by applying the second prong of the test, inability of the plaintiffs to establish a cause of action against the non-diverse party. One case began addressing the issue in a footnote, but still relied upon the second prong in making a decision. In this note, Judge Barbour points out that, though his case might fall under this first prong, there is no guidance for the courts on what the first prong requires to support a finding of improper joinder by actual fraud in the pleading of jurisdictional facts.[18]

As a result, the district court undertook an analysis of the first prong based on the plain meaning and common usage of its terms, as this Court will do now.

Black's Law Dictionary defines actual fraud as "[a] concealment or false representation through a statement or conduct that injures another who relies on it in acting." Fraud is further defined as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment," or "[a] misrepresentation made recklessly without belief in its truth to induce another person to act."

To satisfy the first test for improper joinder, the removing party must prove that the plaintiff either actually concealed, or knowingly made false representations, regarding any fact that must exist for the court to properly exercise jurisdiction over the case—here, the citizenship of the parties, and/or the amount in controversy.

### 2. Inability to State a Claim

To prove improper joinder under the second ground, a defendant must show there is no reasonable basis for predicting that state law might impose liability against any non-diverse defendants.[19] The court does not have to predict whether the plaintiff will certainly prevail on the merits, nor even if it will likely do so.[20] Instead, the court must determine whether the plaintiff might possibly prevail.[21] The court uses a standard similar to that employed for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), to determine whether a "reasonable basis" for liability exists.[22] A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[23] However, the court must take as true plaintiff's well-pleaded allegations of fact, and resolve any contested issues of fact or ambiguities in state law in favor of the plaintiff.[24]

---

**18.** *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D.Tex.2005) (citing *Randle v. SmithKline Beecham Corp.*, 338 F.Supp.2d 704, 707 n. 4 (S.D.Miss.2004), which stated that "to this Court's knowledge, all cases discussing improper joinder have approached the issue under the second" prong).

**19.** *Travis*, 326 F.3d at 648; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002); *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000).

**20.** *Staples v. Merck & Co.*, 270 F.Supp.2d 833, 837 (N.D.Tex.2003) (Lynn, J.).

**21.** *Id.* "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573.

**22.** *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir.2003).

**23.** *See Badon*, 236 F.3d at 286.

**24.** *Ross*, 344 F.3d at 463; *Travis*, 326 F.3d at 649.

■ Because the purpose underlying the improper joinder inquiry "is to determine whether or not the in-state defendant was properly joined," the court's focus must be on whether there is any possibility of recovery against the local defendant.[25]

### B. Attorney's Fees upon Improper Removal

■ Under 28 U.S.C. § 1447(c), a court ordering remand can award costs and expenses, including attorney's fees, incurred as a result of improper removal. However, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[26]

### Analysis

As the removing party, Wachovia has the burden of proving this Court's jurisdiction. Wachovia argues that removal was proper for three reasons: (1) Defendant Laird is domiciled in California; (2) Cantor committed actual fraud in pleading Laird's Texas citizenship because her California address appears on documentation relating to the case; and (3) Cantor cannot successfully maintain suit under Texas law against Laird because she was named solely in her capacity as a trustee under a deed of trust.[27]

Wachovia also disputes Cantor's contention that removal was procedurally improper because Laird did not consent, arguing that Laird has not been properly served, and therefore her consent to removal was not required.

### A. Laird's Citizenship

■ Citizenship and domicile have the same meaning for purposes of federal diversity jurisdiction—"residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time."[28] Domicile is evaluated in terms of objective facts, and statements of intent are entitled to little weight when in conflict with actual facts.[29]

■ Wachovia must prove that Laird is not a citizen of Texas, so as to show complete diversity of the parties. When deciding a motion to remand, all contested factual allegations are construed in Plaintiff's favor, including those relevant to citizenship of the parties.

Wachovia alleges that: "Since filing its Notice of Removal, counsel for Defendant Laird has come forward, writing to counsel for Plaintiff Cantor to explain that Defendant Laird is domiciled [in] California and that she has not been served with process in this case." Wachovia relies on an e-mail from Attorney Bryan T. Brown, which states in part:

25. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183–84 (5th Cir.2005) (citing *Smallwood*, 385 F.3d at 573).

26. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

27. *See* Wachovia's Notice of Removal at 2, citing Tex. Prop.Code Ann § 51.007 (Vernon 1995 & Supp.2006).

28. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir.1985) (citing *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir.1972)); *see also Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954) ("Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile.").

29. *Id.*

Our firm was recently retained as counsel by Cal–Western Reconveyance Corporation to represent the interests of the substitute trustee, Tammy Laird, as she has been individually sued in the instant litigation now pending in the U.S. District Court, Northern District of Texas (Dallas). Contrary to Plaintiff's allegations, Tammy is not a resident of Texas as she is domiciled in California. As set forth in Exhibit A (Notice of Substitute Trustee's Sale) of Plaintiff's Petition, Tammy's place of business is in El Cajon, CA. As such, we are of the position that service on Tammy is defective.[30]

While this e-mail· indicates that Laird is not a citizen of Texas, Wachovia cannot rely on incompetent evidence to meet its burden of proof. The e-mail is unauthenticated, and constitutes inadmissible hearsay, as it is offered to prove that Laird is in fact a citizen of California. Because Wachovia offers no further evidence on this point, and because all factual disputes are to be resolved in Plaintiff's favor, the Court finds that Laird, like the Plaintiff, is a Texas citizen, thus defeating this Court's jurisdiction, unless Wachovia proves that Laird was improperly joined.

### B. Fraudulent Jurisdictional Facts

 Wachovia argues that "Plaintiff Cantor has pled fraudulent, incorrect jurisdictional facts about the residence and place of business of the still-unserved Defendant Laird." Wachovia bases this argument on the Notice of Substitute Trustee's Sale (the "Notice"). Laird signed this document as "substitute trustee." Below her name and signature, the following appears:

> c/o Cal–Western Reconveyance Corp.

P.O. Box 22004
El Cajon, CA 92022–9004

Wachovia argues that this document plainly demonstrates that Laird is not a Texas citizen. The Court disagrees. The relevance of the above address is not apparent from the face of the document. Further, the document also provides a Texas address for the mortgage servicer, LPS–Wachovia Mortgage. This document, and the mere presence of an inconspicuous foreign P.O. box address, cannot alone render Plaintiff's representations as to Laird's citizenship fraudulent.

To satisfy the first test for improper joinder, Wachovia must prove that Cantor either actually concealed, or knowingly made false representations regarding any fact that must exist for this Court to properly exercise jurisdiction over the case. Based on the evidence before it, the Court cannot find that Cantor intentionally mispleaded Laird's citizenship. This is especially true given that counsel for Cantor argues that he was "told that the Wiseman [San Antonio] address was the location of the Trustees and of Wachovia," after calling the telephone numbers listed in the Notice. The Court finds that Wachovia has not demonstrated fraudulent pleading of jurisdictional facts.

### C. Reasonable Basis for Plaintiff's Recovery Against Laird under Texas law

 Wachovia also argues that "because Cantor's Original Petition only makes one discrete allegation against Defendant Laird and because Defendant Laird is protected by Section 51.007(h) of the Texas Property Code, Cantor fails to state a viable cause of action against Defendant Laird."[31] The Complaint alleges

---

**30.** *See* Wachovia's Opposition to Motion to Remand, Exhibit A.

**31.** While Wachovia's Opposition to the Motion to Remand references § 51.001(*h*) of the Texas Property Code, the Court notes that

the following as to Laird, or as to Defendants collectively:

- Wachovia's claimed servicing agent, Cal–Western Reconveyance Corporation, notified the Plaintiff that his property would be sold on January 6, 2009 by Defendant, Tammy Laird, a claimed Substitute Trustee, and/or any other Substitute Trustee named. Neither Wachovia nor its claimed servicing agent have [sic] established their standing to assert such foreclosure against the Plaintiff. Neither has presented a chain of title verifying their standing, if any.[32]

- Defendants represented to Plaintiff that they would perform certain acts. Thus, Defendants owed Plaintiff a duty to so perform. Defendants failed to perform and such failure was caused by Defendants' negligence ... *Defendant Laird has misrepresented her promise to perform her duties as substitute trustee, by attempting to foreclose when that remedy is not properly available.*[33]

- The conduct, acts and/or omissions of the Defendants constitute negligence, gross negligence, and/or reckless conduct without regard to the impact of same. This conduct was the proximate and/or producing cause of foreseeable injury for which Plaintiff seeks judgment against Defendants, jointly and severally, for the amount of money that is within the jurisdictional limits of this Court.[34]

- Defendants' aforesaid actions [a]mount to a Deceptive Trade Practice as that

term is defined under Texas law. Defendants violated and/or are attempting to violate § 17.46(b)(1), (2), (3), (5), (7), (8), (9), (10), (12), (13), (14), (21), and (24).[35]

Wachovia argues that "the bare allegations contained in Plaintiff's petition fail to state a claim against Defendant Laird." Wachovia alleges that Cantor has failed to identify what promise, if any, Laird made to him, and thus has failed to establish a duty of any kind. Wachovia further relies on Texas Property Code § 51.007(a)-(d), which provides for a verified denial by a named trustee stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in their capacity as a trustee under a deed of trust, contract lien, or security instrument, and allows for a verified response to rebut the trustee's verified denial. If no objection is filed, or if the court holds a hearing on the verified denial and concludes that the trustee is not a necessary party, then the court "shall dismiss" the trustee from the suit.

Additionally, Wachovia argues that, as a matter of law, "Defendant Laird cannot be liable for any good faith error made while acting in reliance on 'any information in law or fact provided by the mortgagor or mortgagee.' "[36] This argument relies on Tex. Prop.Code § 51.007(f), which states: "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party."

---

§ 51.007 only contains sections (a) through (f), and thus the Court will evaluate Wachovia's contentions under each of the sections therein.

**32.** *See* Plaintiff's Original Petition and Application for Injunctive Relief at ¶ 7.

**33.** *See* Plaintiff's Original Petition at ¶ 13 (emphasis added).

**34.** *See* Plaintiff's Original Petition at ¶ 16.

**35.** *See* Plaintiff's Original Petition at ¶ 18.

**36.** *See* Wachovia's Opposition to Motion for Remand at 6.

The Court agrees with Plaintiff that § 51.007(a) does not operate as an automatic bar to possible claims against Laird, but rather provides a procedure by which a defendant in Laird's position may seek dismissal from the suit. However, Wachovia contends that it is not only relying on the procedural provisions of the Texas Property Code to prove improper joinder, but also on the substantive statement of law found in § 51.007(f). This section requires a determination that the trustee's liability rests solely on a "good faith error" resulting from information "provided by the mortgagor or mortgagee." Aside from stating that "Cantor has wholly failed to state a claim with respect to Defendant Laird or demonstrate that she is a necessary party to this action," Wachovia fails to allege or prove that the prerequisites to this liability bar in section (f) have been met.

The Court finally addresses Wachovia's argument that the bare allegations contained in Plaintiff's petition fail to state a claim against Defendant Laird. The Court agrees. The Fifth Circuit has stated, in conducting an improper joinder analysis:

> [T]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability *on the facts involved*, then there is no fraudulent joinder. This possibility, however, must be reasonable, *not merely theoretical*.[37]

The Petition states that "Defendants represented to Plaintiff that they would perform certain acts," but does not state any facts regarding the representations or the acts that were "promised." The Petition also states that "Defendant Laird has misrepresented her promise to perform her duties as substitute trustee, by attempting to foreclose when that remedy is not properly available." Again, the Petition is devoid of any actual statements or representations made by Laird, aside from the Notice of Substitute Trustee's Sale which bears her signature. While the Petition claims that a misrepresentation was made, there are no allegations of fraud in the Petition that would give rise to liability for a misrepresentation. The Petition also fails to allege that Laird "failed to exercise reasonable care or competence in communicating the information," as required for a negligent misrepresentation claim.[38] Laird is not named in the breach of contract claim. The Petition alleges no facts supporting any of the elements of negligence.

Finally, the Petition alleges that "Defendants' aforesaid actions [a]mount to a Deceptive Trade Practice as that term is defined under Texas law. Defendants violated and/or are attempting to violate § 17.46(b)(1), (2), (3), (5), (7), (8), (9), (10), (12), (13), (14), (21), and (24)." These subsections of the DTPA define the following actions as false, misleading, and/or deceptive acts or practices:

(1) passing off goods or services as those of another;

(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not

---

**37.** *Great Plains Trust Co.*, 313 F.3d at 312 (emphasis added).

**38.** *See McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex.1999).

have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(8) disparaging the goods, services, or business of another by false or misleading representation of facts;

(9) advertising goods or services with intent not to sell them as advertised;

(10) advertising goods or services with intent not to supply a reasonable expectable public demand, unless the advertisements disclosed a limitation of quantity;

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

(14) misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

(21) promoting a pyramid promotional scheme, as defined by Section 17.461;

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose

such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.[39]

The only provision that might apply to Plaintiff's claims against Laird is (12), which establishes liability for "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." While the Petition in ¶ 5 references a loan agreement, it makes no allegations as to representations by Laird about rights conferred by the loan agreement that did not in fact exist. "[W]hen plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted."[40] In this case, there is no reasonable basis to predict that the Plaintiff might possibly recover against Laird under this provision of the DTPA, or under any of those listed above.

The Court finds that no reasonable basis exists for the Plaintiff to possibly recover against Laird under Texas law, and that Laird has been improperly joined in this suit.

### Conclusion

Having found that the Petition presents no possibility of recovery by the Plaintiff against Laird under Texas law, this Court disregards her joinder for purposes of determining subject matter jurisdiction. The Court further finds that Wachovia is a citizen of Nevada,[41] and that Plaintiff is a

---

**39.** TEX. BUS. & COM.CODE ANN. § 17.46(b) (Vernon 1987).

**40.** *Staples*, 270 F.Supp.2d at 837 (citing *Great Plains Trust Co.*, 313 F.3d at 329).

**41.** *See* 12 U.S.C. § 1464(x) (West 2001 & Supp.2008) ("In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office."). Wachovia states in its Notice of Removal that its home office is in Las Vegas, Nevada.

citizen of Texas, and thus complete diversity of citizenship exists. In addition, the Court finds that the amount in controversy exceeds $75,000.00.[42] As a result, this Court finds that removal of this case was proper, as the Court has subject matter jurisdiction over all claims therein.

The Court also finds Plaintiffs arguments that removal was procedurally improper to be without merit. The Motion to Remand is therefore DENIED.[43] The Court will entertain a Motion to Dismiss Defendant Laird when such Motion is filed.

---

**42.** The affidavit of Lawrence Cantor, attached to the Petition, estimates the value of his home to be $550,000.00.

**43.** As a result, Plaintiff's request for costs and attorney's fees is also DENIED.