**Jean Paul MAS and Judy Mas,
Plaintiffs-Appellees,**

v.

**Oliver H. PERRY, Defendant-
Appellant.**

No. 73–3008
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1974.

Rehearing and Rehearing En Banc
Denied April 3, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Sylvia Roberts, John L. Avant, Baton Rouge, La., for defendant-appellant.

Dennis R. Whalen, Baton Rouge, La., for plaintiffs-appellees.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

AINSWORTH, Circuit Judge:

This case presents questions pertaining to federal diversity jurisdiction under 28 U.S.C. § 1332, which, pursuant to article III, section II of the Constitution, provides for original jurisdiction in federal district courts of all civil actions that are between, *inter alia*, citizens of different States or citizens of a State and citizens of foreign states and in which the amount in controversy is more than $10,000.

Appellees Jean Paul Mas, a citizen of France, and Judy Mas were married at her home in Jackson, Mississippi. Prior to their marriage, Mr. and Mrs. Mas were graduate assistants, pursuing coursework as well as performing teaching duties, for approximately nine months and one year, respectively, at Louisiana State University in Baton Rouge, Louisiana. Shortly after their marriage, they returned to Baton Rouge to resume their duties as graduate assistants at LSU. They remained in Baton Rouge for approximately two more years, after which they moved to Park Ridge, Illinois. At the time of the trial in this case, it was their intention to return to Baton Rouge while Mr. Mas finished his studies for the degree of Doctor of Philosophy. Mr. and Mrs. Mas were undecided as to where they would reside after that.

Upon their return to Baton Rouge after their marriage, appellees rented an apartment from appellant Oliver H. Perry, a citizen of Louisiana. This appeal arises from a final judgment entered on a jury verdict awarding $5,000 to Mr. Mas and $15,000 to Mrs. Mas for damages incurred by them as a result of the discovery that their bedroom and bathroom contained "two-way" mirrors and that they had been watched through them by the appellant during three of the first four months of their marriage.

At the close of the appellees' case at trial, appellant made an oral motion to dismiss for lack of jurisdiction.[1] The motion was denied by the district court. Before this Court, appellant challenges the final judgment below solely on jurisdictional grounds, contending that appellees failed to prove diversity of citizenship among the parties and that the requisite jurisdictional amount is lacking with respect to Mr. Mas. Finding no merit to these contentions, we affirm. Under section 1332(a)(2), the federal judicial power extends to the claim of Mr. Mas, a citizen of France, against the appellant, a citizen of Louisiana. Since we conclude that Mrs. Mas is a citizen of Mississippi for diversity purposes, the district court also properly had jurisdiction under section 1332(a)(1) of her claim.

It has long been the general rule that complete diversity of parties is

---

1. The motion was actually made just prior to the testimony of appellees' last witness, but for purposes of the record counsel stipu-lated and the court approved that the motion would be considered to have been made at the close of appellees' case.

required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *see* cases cited in 1 W. Barron & A. Holtzoff, Federal Practice and Procedure § 26, at 145 n. 95 (Wright ed. 1960). This determination of one's State citizenship for diversity purposes is controlled by federal law, not by the law of any State. 1 J. Moore, Moore's Federal Practice ¶ 0.74 [1], at 707.1 (1972). As is the case in other areas of federal jurisdiction, the diverse citizenship among adverse parties must be present at the time the complaint is filed. Mullen v. Torrance, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154, 155 (1824); Slaughter v. Toye Bros. Yellow Cab Co., 5 Cir., 1966, 359 F.2d 954, 956. Jurisdiction is unaffected by subsequent changes in the citizenship of the parties. Morgan's Heirs v. Morgan, 15 U.S. (2 Wheat.) 290, 297, 4 L.Ed. 242, 244 (1817); Clarke v. Mathewson, 37 U.S. (12 Pet.) 164, 171, 9 L.Ed. 1041, 1044 (1838); Smith v. Sperling, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1113 n. 1, 1 L.Ed. 2d 1205 (1957). The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, *see* Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132 (1888); and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Welsh v. American Surety Co. of New York, 5 Cir., 1951, 186 F.2d 16, 17.

■ To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States, *see* Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 383, 24 S.Ct. 696, 698, 48 L.Ed. 1027 (1904); U.S.Const. Amend. XIV, § 1, and a domiciliary of that State. *See* Williamson v. Osenton, 232 U.S. 619, 624, 34 S.Ct. 442, 58 L.Ed. 758 (1914);

Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448. For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient. *See* Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed. 493 (1893); Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448.

■ A person's domicile is the place of "his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . . " Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448. A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there. Mitchell v. United States, 88 U.S. (21 Wall.) 350, 22 L.Ed. 584 (1875); Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027 (1904).

■ It is clear that at the time of her marriage, Mrs. Mas was a domiciliary of the State of Mississippi. While it is generally the case that the domicile of the wife—and, consequently, her State citizenship for purposes of diversity jurisdiction—is deemed to be that of her husband, 1 J. Moore, Moore's Federal Practice ¶ 0.74 [6.—1], at 708.51 (1972), we find no precedent for extending this concept to the situation here, in which the husband is a citizen of a foreign state but resides in the United States. Indeed, such a fiction would work absurd results on the facts before us. If Mr. Mas were considered a domiciliary of France—as he would be since he had lived in Louisiana as a student-teaching assistant prior to filing this suit, *see* Chicago & Northwestern Railway Co. v. Ohle, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837 (1886); Bell v. Milsak, W.D.La., 1952, 106 F.Supp. 219—then Mrs. Mas would also be deemed a domiciliary, and thus, fictionally at least, a citizen of France. She would not be a citizen of any State and could

not sue in a federal court on that basis; nor could she invoke the alienage jurisdiction to bring her claim in federal court, since she is not an alien. *See* C. Wright, Federal Courts 80 (1970). On the other hand, if Mrs. Mas's domicile were Louisiana, she would become a Louisiana citizen for diversity purposes and could not bring suit with her husband against appellant, also a Louisiana citizen, on the basis of diversity jurisdiction. These are curious results under a rule arising from the theoretical identity of person and interest of the married couple. *See Linscott v. Linscott,* S. D.Iowa, 1951, 98 F.Supp. 802, 804; Juneau v. Juneau, 227 La. 921, 80 So.2d 864, 867 (1954).

 An American woman is not deemed to have lost her United States citizenship solely by reason of her marriage to an alien. 8 U.S.C. § 1489. Similarly, we conclude that for diversity purposes a woman does not have her domicile or State citizenship changed solely by reason of her marriage to an alien.

 Mrs. Mas's Mississippi domicile was disturbed neither by her year in Louisiana prior to her marriage nor as a result of the time she and her husband spent at LSU after their marriage, since for both periods she was a graduate assistant at LSU. *See* Chicago & Northwestern Railway Co. v. Ohle, 117 U.S. 123, 6 S.Ct. 632, 29 L.Ed. 837 (1886). Though she testified that after her marriage she had no intention of returning to her parents' home in Mississippi, Mrs. Mas did not effect a change of domicile since she and Mr. Mas were in Louisiana only as students and lacked the requisite intention to remain there. *See Hendry v. Masonite Corp.,* 5 Cir., 1972, 455 F.2d 955, cert. denied, 409 U.

S. 1023, 93 S.Ct. 464, 34 L.Ed.2d 315. Until she acquires a new domicile, she remains a domiciliary, and thus a citizen, of Mississippi. *See Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584, 587–588 (1875); Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 383, 24 S.Ct. 696, 698, 48 L.Ed. 1027 (1904); Welsh v. American Security Co. of New York, 5 Cir., 1951, 186 F.2d 16, 17.[2]

Appellant also contends that Mr. Mas's claim should have been dismissed for failure to establish the requisite jurisdictional amount for diversity cases of more than $10,000. In their complaint Mr. and Mrs. Mas alleged that they had each been damaged in the amount of $100,000. As we have noted, Mr. Mas ultimately recovered $5,000.

 It is well settled that the amount in controversy is determined by the amount claimed by the plaintiff in good faith. KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L. Ed. 183 (1936); 1 J. Moore, Moore's Federal Practice ¶ 0.92 [1] (1972). Federal jurisdiction is not lost because a judgment of less than the jurisdictional amount is awarded. Jones v. Landry, 5 Cir., 1967, 387 F.2d 102; C. Wright, Federal Courts 111 (1970). That Mr. Mas recovered only $5,000 is, therefore, not compelling. As the Supreme Court stated in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–290, 58 S.Ct. 586, 590–591, 82 L.Ed. 845:

> [T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.

It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of the plain-

---

**2.** The original complaint in this case was filed within several days of Mr. and Mrs. Mas's realization that they had been watched through the mirrors, quite some time before they moved to Park Ridge, Illinois. Because the district court's jurisdiction is not affected by actions of the parties subsequent to the commencement of the suit,

*see* C. Wright, Federal Courts 93 (1970), page 1400 *supra,* the testimony concerning Mr. and Mrs. Mas's moves after that time is not determinative of the issue of diverse citizenship, though it is of interest insofar as it supports their lack of intent to remain permanently in Louisiana.

tiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. . . .

. . . His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit.

Having heard the evidence presented at the trial, the district court concluded that the appellees properly met the requirements of section 1332 with respect to jurisdictional amount. Upon examination of the record in this case, we are also satisfied that the requisite amount was in controversy. *See* Jones v. Landry, 5 Cir., 1967, 387 F.2d 102.

██ ██ Thus the power of the federal district court to entertain the claims of appellees in this case stands on 

two separate legs of diversity jurisdiction: a claim by an alien against a State citizen; and an action between citizens of different States. We also note, however, the propriety of having the federal district court entertain a spouse's action against a defendant, where the district court already has jurisdiction over a claim, arising from the same transaction, by the other spouse against the same defendant. *See* ALI Study of the Division of Jurisdiction Between State and Federal Courts, pt. I, at 9–10. (Official Draft 1965.) In the case before us, such a result is particularly desirable. The claims of Mr. and Mrs. Mas arise from the same operative facts, and there was almost complete interdependence between their claims with respect to the proof required and the issues raised at trial. Thus, since the district court had jurisdiction of Mr. Mas's action, sound judicial administration militates strongly in favor of federal jurisdiction of Mrs. Mas's claim.

Affirmed.