**Karen Joy KEISHIAN,**
**Plaintiff-Appellee,**

v.

**Carolyn BUCKLEY,**
**Defendant-Appellant,**

**United States Marshal,**
**Movant-Appellee.**

**No. 84–8061**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 16, 1984.

---

**1514**

Franklin R. Nix, Atlanta, Ga., for defendant-appellant.

Michael Weinstock, James Patrick McCrary, Atlanta, Ga., for plaintiff-appellee.

Nina L. Hunt, Asst. U.S. Atty., Atlanta, Ga., for U.S. Marshall.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

We determine whether the district court erred in preliminarily enjoining appellant, Buckley, from challenging in state court appellee's (Keishian) levy upon Buckley's automobile. We affirm.

Keishian paid Buckley cash and property worth $50,000 pursuant to an agreement pertaining to the formation and ownership of a Georgia corporation. Buckley breached the agreement and wrongfully retained $50,000. Keishian, therefore, sued Buckley in the Superior Court of Fulton County, Georgia. On November 27, 1978, Buckley, a resident of Florida, removed the action to the United States District Court for the Northern District of Georgia.

The jury awarded Keishian $49,599, and Buckley appealed. The Eleventh Circuit affirmed the district court and assessed costs against Buckley. Subsequently, Keishian proceeded with post-judgment discovery pertaining to Buckley's assets, and, on June 23, 1983, Keishian levied Buckley's 1969 280–SL Mercedes Benz automobile.

On July 13, 1983, Buckley filed suit in the Superior Court of Fulton County, Georgia, seeking injunctive relief against Keishian's levying of the automobile. Buckley contended that Ga.Code Ann. § 18–3–70 (1984) barred the levy upon her automobile.* On July 27, 1983, the superior court entered a temporary restraining order enjoining sale of the subject automobile, but on September 9, 1983, the superior court dissolved the temporary restraining order, and the United States Marshal scheduled sale of the automobile for January 3, 1984. By letter dated December 9, 1983, appellant's counsel threatened the United States Marshal with civil action if the sale of the disputed automobile occurred. On December 16, 1983, the United States Marshal applied to the district court for an order requiring security from Buckley concerning the execution of the judgment and levy upon the subject automobile. The district court ordered a hearing and granted the Marshal's application for a security order from Buckley. On December 30, 1983, the district court held an additional hearing where it enjoined the parties from further litigation at the state court level. Buckley appeals.

First, Buckley contends the district court lacked subject matter jurisdiction to issue its injunction. We reject Buckley's contention. When jurisdiction of the federal courts is based upon diversity of citizenship pursuant to 28 U.S.C.A. § 1332 (West 1966), the requisite diversity must only exist at the time the action is commenced. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974). When the original action commenced in this case, diversity of citizenship existed, and therefore, the district court had subject matter

---

* Ga.Code Ann. § 18–3–70 provides:
    When the defendant has given bond and security, or when he has appeared and made defense by himself or attorney at law without raising a valid defense of lack of jurisdiction over the person, the judgment rendered against him in such case shall bind all his property and shall have the same force and effect as when there has been personal service, and execution shall issue accordingly, but it shall be first levied upon the property attached. In all other cases, the judgment on the attachment shall only bind the property attached and the judgment shall be entered only against such property.

jurisdiction despite Buckley's attempts to destroy the district court's jurisdiction.

■ Buckley also claims that no case or controversy existed for the district court when it entered its preliminary injunction. Appellant's claim is frivolous. A case or controversy existed over the issue of whether the judgment debtor could stop lawful execution and levy proceedings by the use of state court proceedings. The district court had ordered appellant's property to be levied, and Buckley challenged the levy in state court. A controversy, therefore, existed over whether the district court's levy was proper.

■ Finally, appellant contends that the district court lacked authority to issue its preliminary injunction. The All Writs Act, 28 U.S.C.A. § 1651 (West 1966) grants the district court authority to issue the temporary injunction. The state court proceeding was ancillary to the district court's order allowing a levy on Buckley's automobile. The district court, therefore, had authority pursuant to 28 U.S.C.A. § 1651 to take all steps necessary to aid its jurisdiction or to protect its judgments. The district court's issuance of a temporary restraining order was necessary to effectuate its jurisdiction, and therefore, we affirm the judgment of the district court.

AFFIRMED.