**Karen Joy KEISHIAN, Plaintiff,**

**H. Daniel Keishian, Appellant,**

v.

**Carolyn BUCKLEY, Defendant-Appellee.**

No. 85-8887
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1986.

Michael Weinstock, Atlanta, Ga., for appellant.

Jerry B. Hatcher, Atlanta, Ga., for defendant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

**PER CURIAM:**

This appeal marks the third appearance before this court of the parties, appellant H. Daniel Keishian, real party in interest for Karen Joy Keishian, plaintiff below, and defendant-appellee Carolyn Buckley. Litigation began in 1978, when appellant filed suit for return of his investment in a business venture with appellee. Appellant received a jury verdict of $49,599 in 1981, which we affirmed in 1982. In 1983, appellant attempted to satisfy his judgment by levying on appellee's automobile, but appellee responded by filing a suit for wrongful levy in state court. The federal district court enjoined that suit, and we affirmed in 1984. 752 F.2d 1513. Since then, appellee has returned to federal court, obtained a judgment that the levy was wrongful and a dissolution of the injunction against state suit. Appellant's judgment has more than doubled with interest to $112,264 and he faces a potential state court judgment of $600,000 for wrongful levy. Given these difficulties over the last four years, appellant now probably regards his 1981 judgment much as Pyrrhus regarded his triumph over the Romans: "one more such victory and I am surely lost."

The present appeal concerns the district court's entry of summary judgment in favor of appellee, holding that levy of appellee's 1969 280SL Mercedes Benz automobile was wrongful. Appellant contends that summary judgment was erroneous as a matter of law and in light of certain disputes of material fact. We find no factual disputes in the record,[1] but we do accept appellant's claim that levy of the automobile was lawful. Consequently, we reverse the judgment below.

The sole matter for our consideration is whether appellant is required under Georgia law to levy upon appellee's assets in any particular order. Georgia law controls this case because execution of a federal judgment is governed by the practice and

---

1. The "factual" disputes identified by appellant are merely disagreements between the parties about the legal consequences of certain undisputed events. Such disputes, in themselves, raise no bar to summary judgment.

procedure of the state in which the district court sits, here Georiga. *See* Fed.R.Civ.P. 69(a). Appellee prevailed below by arguing that Georgia imposes certain limitations on a judgment creditor's enforcement rights. Appellee claimed that since appellant had begun his suit for the underlying judgment with a writ of attachment,[2] appellant was required to levy first on the property attached prior to suit. The property so attached happened to be appellee's residence rather than her automobile; therefore, levy of the automobile was wrongful.

Appellee's argument relies upon § 18–3–70 of the Georgia Code. This statute provides that where suit is begun by attachment and then converted by defendant's general appearance to a suit *in personam,* the successful plaintiff may satisfy the judgment with any of the defendant's assets so long as the plaintiff levies first on the property already attached. Appellee contends that the following facts mandate application of this statute. First, appellant began his suit on September 15, 1978 with a Declaration of Attachment. Five days later, appellee's residence was levied upon by the sheriff. Second, appellee responded to the suit by filing a general appearance on November 27, 1978. Thus, a suit in attachment was begun and then converted to an action *in personam.* The resulting judgment falls squarely within the terms of the statute and its enforcement is governed thereby. Appellant responds that, for a number of reasons, § 18–3–70 does not apply.

Appellant's primary contention is that even though suit was instituted with a Declaration of Attachment, no attachment of appellee's residence was ever effected. In support, appellant points to several claimed defects in the attachment and levy of appellee's residence. First, appellant claims that the levy was insufficient because appellee's

residence was not actually seized from her possession. Second, the sheriff failed in his return of levy to describe the property, to identify its owner, and to specify that the property was seized rather than posted. Third, the district court never conducted an attachment suit since no trial was held on the sufficiency of the bond or the validity of the attachment. Appellant argues that since Georgia construes its attachment statute strictly, these defects in procedure render the attachment invalid. As a fallback position, appellant argues that even if these defects are insufficient to void the attachment, it is nonetheless invalid because Georgia's attachment statute was declared unconstitutional subsequent to attachment.

 Having reviewed the Georgia statute and the record, we find § 18–3–70 inapplicable to enforcement of the judgment in this case. We do not rely, however, on appellant's list of alleged procedural defects in the attachment and levy of appellee's residence. Rather, we look to two other facts, that the attachment was subsequently declared unconstitutional and that appellee's general appearance rendered the case an action *in personam.* Less than one month after appellee's residence was levied on September 20, 1978, the Fifth Circuit declared the Georgia prejudgment attachment scheme violative of due process and unconstitutional. *See Johnson v. American Credit Corp. of Georgia,* 581 F.2d 526 (5th Cir.1978).[3] The attachment has had no effect at least from the date of that opinion, October 6, 1978. *See ITT Community Devel. Corp. v. Barton,* 457 F.Supp. 224 (M.D.Fla.1978). Consequently, appellant's suit was not, as a matter of law, a suit in attachment. Appellee did, however, file a general appearance in this case on November 27, 1978, after

---

**2.** Appellant actually began this diversity action with a writ of attachment in state court. Appellee then removed the case to federal court.

**3.** *Johnson* was a class action suit challenging the Georgia prejudgment attachment statute on several grounds. Although the district court had denied relief, the court of appeals reversed that

judgment and entered a declaratory judgment of unconstitutionality in favor of all persons who have had or will have property attached under the statute. *See* 581 F.2d at 535. Appellee appears to have been a member of the class receiving this declaratory judgment.

the attachment was invalidated. Thus, this case has proceeded solely as an action *in personam* to which § 18–3–70 is irrelevant. Since Georgia imposes no other restriction upon satisfaction of such a judgment, appellant was free to levy first upon appellee's automobile rather than her residence. The district court's entry of summary judgment in favor of appellee is therefore reversed. The district court's order lifting the permanent injunction against appellee's state court litigation is likewise vacated.

REVERSED.