**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WARNER ROBINS, Plaintiff,**

v.

**OHIO VALLEY SAVINGS AND LOAN ASSOCIATION OF STEUBENVILLE, OHIO, Defendant.**

Civ. A. No. 87–152–2–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Aug. 14, 1987.

Morris W. Macey, Atlanta, Ga., William Wisse, Warner Robins, Ga., for plaintiff.

Jerry A. Lumley, Macon, Ga., Nelson E. Genshaft, Schwartz, Kelm, Warren & Rubenstein, Columbus, Ohio, for defendant.

### ORDER

OWENS, Chief Judge.

Plaintiff First Federal Savings and Loan Association of Warner Robins ("First Federal") seeks a preliminary injunction prohibiting defendant Ohio Valley Savings and Loan Association of Steubenville, Ohio ("Ohio Valley"), from pursuing its answer and cross claims in a foreclosure action ongoing in the Louisiana state courts. Defendant argues that this court is prohibited from issuing such an injunction under the terms of 28 U.S.C. § 2283 (1982), the Anti-Injunction Act. Plaintiff argues to the contrary, asserting that defendant's conduct falls within either of two exceptions to the Anti-Injunction Act.

### Facts

In July, 1982, First Federal loaned Delta Towers, Ltd., a Georgia partnership ("Partnership"), 27.5 million dollars with which to purchase, renovate and operate certain properties ("Delta Towers") in New Orleans, Louisiana. Shortly thereafter, First Federal sold, by separate mortgage participation agreements, participations in the loan to First Federal Savings and Loan Association of Grand Rapids, Minnesota

("Grand Rapids"), Great Southern Federal Savings Bank of Savannah, Georgia ("Great Southern"), and Ohio Valley. Additional loans to the Partnership followed. Ohio Valley declined to participate in the last such loan, which occurred on or about September 1, 1983. To clarify their interests in anticipation of this last loan, the loan participants executed a Joint Loan Participation Agreement ("Joint Agreement") on or about August 31, 1983.

In the Joint Agreement and subsequent amendments thereto, Ohio Valley allegedly agreed to a lower priority status than that of the other participants. In the First Amendment, "Ohio expressly [acknowledged] and [agreed] that its participation interest henceforth shall at all times be subordinate to interests of all other parties hereto." Plaintiff's Exhibit A at 18 (attached to plaintiff's Complaint). In a Second Amendment, "[n]otwithstanding anything to the contrary, Ohio expressly [acknowledged] and [agreed] that its participation interest in the loan is at all times subordinate to the interests of [the other participants]...." *Id.* at 22. The Joint Agreement contained two other provisions worthy of mention. The participants included a forum selection clause in which they agreed to litigate all disputes among themselves in the Macon Division of the United States District Court for the Middle District of Georgia if such court has jurisdiction. *Id.* at 8. The parties also agreed that the amount of the last loan to the Partnership, seven million dollars, would be spent by First Federal in accordance with a schedule to improve the viability of Delta Towers. *Id.* at 2–3.

On or about September 18, 1984, after default by the Partnership, First Federal instituted foreclosure proceedings in the Civil District Court in and for the Parish of Orleans, State of Louisiana. Those proceedings have developed into protracted litigation which this court will not attempt to explain completely. Noteworthy, however, and providing a focus for the matter before this court, is the intervention in the Louisiana foreclosure proceedings of David Burrus and Daryl Berger ("Burrus/Berger") on or about April 30, 1986. As previous owners of Delta Towers and holders of a mortgage on the property, Burrus/Berger claim a superior lien on the property in that a subordination agreement between First Federal and themselves is invalid because Mrs. Burrus did not sign the agreement as required by Louisiana law. Burrus/Berger further assert that First Federal breached a loan agreement with the Partnership regarding the remittance and expenditure of certain funds ($7,000,000) to promote the viability of the property and that such breach affected the value of the mortgage held by Burrus/Berger. Burrus/Berger made all of the participating lenders party to their intervention. Ohio Valley filed an answer to the intervention and asserted cross claims against First Federal. Ohio Valley contested the ranking of the lienors as established by the Joint Agreement and claimed, like Burrus/Berger, that First Federal was in breach of the Joint Agreement in that it misused funds that should have been expended toward improving the viability of the property in question.

*Discussion*

A federal court's power to enjoin ongoing state proceedings is governed by the Anti-Injunction Act, 28 U.S.C. § 2283 (1982).

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress or when necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

As both the title of the Act and its express identification of only three limited exceptions make clear, the issuance of a federal court injunction to stay state litigation "is to be the exception, not the rule." *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 585 (11th Cir.1983). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Lines Railroad Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 297, 90 S.Ct. 1739,

1748, 26 L.Ed.2d 234, 246–47 (1970). Further, "it is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties...." *Id.* at 287, 90 S.Ct. at 1743.

Plaintiff asserts that the facts of this case bring it within either of two exceptions to the Anti-Injunction Act. First, plaintiff argues that the All Writs Act, 28 U.S.C. § 1651(a), permits this court to enjoin the defendant as a step "necessary to aid its jurisdiction or to protect its judgments." *Keishian v. Buckley*, 752 F.2d 1513, 1515 (11th Cir.1984). Plaintiff also relies upon *State of Michigan v. City of Allen Park*, 573 F.Supp. 1481 (E.D.Mich. 1983), in which the court noted that the All Writs Act empowers federal courts "to enjoin the repetitive litigation of the same issue." *Id.* at 1487. Plaintiff's reliance is not well-founded.

In *Keishian*, the defendant breached an agreement and wrongfully retained $50,000 of plaintiff's money. In an action originally brought in state court and removed to the United States District Court for the Northern District of Georgia, a jury awarded plaintiff $49,599. The Eleventh Circuit affirmed the decision. Following post-judgment discovery regarding defendant's assets, plaintiff levied defendant's automobile. Defendant sought injunctive relief from the state court, which issued a temporary restraining order enjoining the sale of the automobile. Though the superior court dissolved the restraining order, defendant's attorney threatened the United States Marshal with civil action if the sale occurred. The district court then enjoined the parties from further litigation at the state level.

In *Keishian*, then, the issuance of an injunction was necessary both to effectuate the district court's jurisdiction and to protect its judgment. Defendant, a judgment debtor, sought to use the state court to prevent lawful execution and levy proceedings pursuant to a completed judgment entered in the district court and affirmed by the Court of Appeals.

■ Unlike *Keishian*, the present dispute neither was litigated in nor has judgment been rendered by this district court.

Thus, the foreclosure proceeding in Louisiana with its attendant interventions and cross claims is not interfering with a judgment of this court. Further, this case does not present a situation where the defendant is seeking to circumvent the established jurisdiction of this court by resorting to a state court. This dispute began in the courts of Louisiana. The Civil District Court has entered judgment for First Federal on two of Ohio Valley's three cross claims. Ohio Valley's motion for new trial has been granted as to its third cross claim. Ohio Valley is entitled to pursue its claims to final judgment and through the appellate process.

Likewise, *City of Allen Park* is distinguishable from the present dispute. There, the court said the following:

[T]he practice has developed of enforcing the res judicata effect of a judgment in appropriate situations by the equitable remedy of injunction—a remedy historically available for such purposes as restraining vexatious or harassing litigation, restraining enforcement of inequitable judgments, and protection of previously acquired exclusive in rem or quasi in rem jurisdiction.

*City of Allen Park*, 573 F.Supp. at 1488, quoting 1B J. Moore, Federal Practice ¶ 0.408[2](1983). The court recognized that an injunction is appropriate "to protect a prevailing party from the expense of relitigation." *City of Allen Park*, 573 F.Supp. at 1488. That case, like *Keishian* and unlike the present dispute, began in federal court, and the issues were decided pursuant to a trial. Defendant appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's judgment. The United States Supreme Court denied certiorari. Further litigation erupted when the defendant filed a complaint in state court. The action was removed to federal court where the district court found against the defendant. The Sixth Circuit again affirmed, and the Supreme Court again denied certiorari. The district court tolerated even more delays and petitions before finally issuing an injunction under the All Writs Act.

First Federal asks this court to enter into a dispute that has yet to reach its conclusion. No "prevailing party" yet exists for this court to protect. Though this has certainly been a litigious dispute, any injunction by this court would not prevent the relitigation of any issues; rather, such an injunction would delay or prevent the ultimate determination of disputed matters. Plaintiff has failed to establish that the "statutory exception" (All Writs Act) entitles this court to enjoin defendant.

Next, plaintiff argues that this case falls within the "traditional exception" to the Anti-Injunction Act wherein a court may enjoin an action that is repetitious, baseless, vexatious, or harassing. *Browning Debenture Holders' Com. v. DASA Corp.*, 454 F.Supp. 88, 100 (S.D.N.Y.1978), *aff'd*, 605 F.2d 35, 38 (2nd Cir.1978). Plaintiff refers to this as an unwritten exception; however, the court in *Browning* specifically found it unnecessary to rely upon the unwritten exception because "this case falls squarely within the statute's express relitigation exception, which permits the enjoining of a pending state action by a federal court 'to protect or effectuate its judgments.'" *Id.*

In determining when to apply the relitigation exception of the Anti-Injunction Statute, the district court said:

> When a party who has prevailed in federal court has been subjected to multiple lawsuits on the same issues in state fora, injunctive relief will be granted. However, a multiplicity of state lawsuits is not a prerequisite to this equitable relief; where the federal litigation has been unusually burdensome or protracted and the losing party simply refuses to be bound by the outcome, even a single state-court action attempting to relitigate the same issue will be enjoined.

*Browning*, 454 F.Supp. at 101 (citations omitted).

■ This relitigation exception clearly does not apply to the case before this court. First Federal has not prevailed on the merits in federal court. In fact, no federal litigation has occurred in this or any federal court between these parties and on these issues.[1] Further, even considering the state court action, no judgment on the merits has yet been rendered, so plaintiff cannot be heard to complain that defendant is refusing to be bound by an outcome.

■ The above arguments also establish the inapplicability of the "unwritten exception." That exception requires the litigation to be baseless, vexatious, repetitious or harassing. While it may be inconvenient and burdensome on First Federal to address Ohio Valley's arguments, defendant is entitled to raise them. That those arguments ultimately prevail is not a prerequisite to Ohio Valley's ability to raise them. Until an adjudication on the merits, Ohio Valley's arguments cannot by definition be repetitious. As to the vexatous or harassing nature of defendant's actions, it is clear that Ohio Valley cannot indefinitely delay the foreclosure proceeding by "holding their eggs in many baskets and doling them out, one by one, in an endless procession of legal proceedings." *City of Allen Park*, 573 F.Supp. at 1488. At present, however, Ohio Valley is asserting its interests in only one action. Such behaviour does not rise to the level of vexatious or harassing litigation.

First Federal has failed to establish that it is entitled to have this court issue a preliminary injunction. Therefore, plaintiff's motion to that effect is hereby DENIED.

---

1. The court is aware of an action for wrongful seizure brought by Burrus/Berger in the Eastern District of Louisiana, an action now on appeal before the Fifth Circuit.