[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11156
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-22225-KMW

IRINA CHEVALDINA,

Plaintiff-Appellant,

versus

RAANAN KATZ,
Individually,
DANIEL KATZ,
Individually,
TODD LEVINE,
Individually,
R.K. FL MANAGEMENT, INC.,
Florida Corporation,
R.K. ASSOCIATES, VII, INC.,
Florida Corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 8, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Irina Chevaldina appeals the district court's grant of the motion to dismiss her second amended complaint filed by Raanan Katz, members of his family, his attorney, and several of his corporate entities (RK Appellees).  The district court dismissed Chevaldina's *pro se* second amended complaint for lack of subject-matter jurisdiction, in part, and for failure to state a claim, in part.  *See* Fed. R. Civ. P. 12(b)(1),(6).  Chevaldina asserts the district court erred in determining she failed to affirmatively allege diversity of citizenship and the district court clearly erred in finding there was no diversity of citizenship among the parties.  Chevaldina also contends the district court erred in dismissing her Driver's Privacy Protection Act (DPPA) claim for failure to state a claim because the RK Appellees did not obtain and disclose her driver's license for an impermissible reason under the DPPA.  After review,[1] we affirm the district court.

## I.  DISCUSSION

*A.  Diversity Jurisdiction*

The district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and where the parties are (1) citizens of

---

[1] "We review a district court's decision on a motion to dismiss *de novo*."  *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 809 (11th Cir. 2015).

different States or (2) citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1),(2).  Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction; mere residence is not sufficient.  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).[2]  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id.* at 1257-58 (quotations omitted).

Taking the allegations in Chevaldina's second amended complaint as true, she failed to affirmatively allege diversity of citizenship for purposes of establishing the district court had jurisdiction over her claims.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (stating in deciding a facial attack on diversity jurisdiction the district court should "merely . . .  look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," and, in doing so, assume the allegations in the pleadings are true); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (stating the filing party must affirmatively allege the existence of jurisdiction in her complaint).  Chevaldina's second amended complaint alleged she was domiciled in Indiana and a citizen of Indiana at the time she filed the second amended complaint, but did not affirmatively allege she was

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

domiciled in Indiana at the commencement of the action.  Because diversity of citizenship must exist at the time an action is filed in order to be proper and events occurring after the filing of an action cannot create or destroy diversity jurisdiction, the district court did not err in dismissing Chevaldina's second amended complaint.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 575-76 (2004) (stating if complete diversity of citizens did not exist at the time of filing, subsequent events, such as a change in the domicile of a party will not create diversity jurisdiction); *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (explaining diversity of citizenship, or domicile, must exist at the time the action is filed in order to be proper).

Alternatively, Chevaldina also failed to overcome the RK Appellees' Rule 12(b)(1) factual attack to diversity jurisdiction. *Lawrence*, 919 F.2d at 1529 (stating a factual attack on diversity jurisdiction challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered" (quotations omitted)).  The RK Appellees offered the following evidence in support of their factual attack:  (1) Chevaldina's deposition testimony she was a United States citizen and she lived in Florida in 2012; (2) Chevaldina's Florida driver's license from 2012; (3) evidence that Chevaldina made an appearance in state court in Florida on June 1, 2017, 13 days before she filed the present action in federal

4

court; (4) public records indicating she lived in Florida at the time she filed the present action; and (5) testimony indicating Chevaldina's Indiana address was for a P.O. Box that had been opened eight days after the RK Appellees moved the district court to dismiss her original complaint for lack of diversity jurisdiction.

Chevaldina, in turn, sought to show that she had not been domiciled in Florida when she filed the action by:  (1) testifying in an affidavit that she was not domiciled in Florida; and (2) arguing the RK Appellees had not presented any affirmative evidence she was domiciled in Florida on the specific date in 2017 on which she filed her original complaint.  Chevaldina also offered an affidavit in which she testified she was a citizen of Indiana and domiciled in Indiana.  The affidavit, however, did not allege she was a citizen of Indiana and domiciled in Indiana at the commencement of the present action.  Chevaldina, further, did not argue, or present any supporting evidence that she was a citizen of Indiana at the time she filed her original complaint.

Based on the foregoing, the district court made the factual finding there was no diversity of citizenship when Chevaldina filed her original complaint because she had not proved she had changed her domicile from Florida to Indiana before she filed the action.  Because the district court's factual finding was plausible in

light of the record viewed in its entirety,[3] the district court did not clearly err in dismissing Chevaldina's second amended complaint, in part, pursuant to Rule 12(b)(1). *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (reviewing district court's factual findings regarding domicile under a clearly erroneous standard).

## B. DPPA

"The DPPA regulates the disclosure of personal information contained in the records of state motor vehicle departments." *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F.3d 1107, 1109 (11th Cir. 2008) (quotations omitted). It also provides for a private cause of action against persons who (1) knowingly obtain, disclose, or use personal information, (2) from a motor vehicle record, and (3) for a purpose not permitted under statute. *Id.* at 1110-11; 18 U.S.C. § 2724(a). Among the several permissible uses for such personal information is the "use in connection with any civil . . . proceeding in any Federal, State, or local court . . . ." 18 U.S.C. § 2721(b)(4). The plaintiff carries the burden of showing the personal information was disclosed for an impermissible purpose. *Thomas*, 525 F.3d at 1112.

---

[3] Although Chevaldina, in her motion for reconsideration, offered "new evidence" including a library card and Kroger card to support her allegation she was domiciled in Indiana, the district court's finding is not clearly erroneous because the library card and Kroger card did not indicate she lived in Indiana at the time she filed the action against the RK Appellees in 2017.

6

The district court did not err in dismissing Chevaldina's second amended complaint, in part, for failure to state a DPPA claim because her second amended complaint failed to allege the RK Appellees' purpose for disclosing a copy of her driver's license was not statutorily permitted. *See id.* Although Chevaldina conclusorily stated in her second amended complaint the RK Appellees had none of the permissible purposes listed in the statute when they disclosed and distributed her protected driver's license information, she did not raise any specific factual allegations to raise her right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating a party must allege more than "labels and conclusions," and her complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level"). This is especially true given the fact Chevaldina's second amended complaint claimed the RK Appellees violated the DPPA by filing a copy of her driver's license in support of their motion to dismiss her original complaint. However, the DPPA provides that using information from a motor vehicle department record is permissible in any civil proceeding in federal court. 18 U.S.C. § 2721(b)(4). As Chevaldina's second amended complaint failed to show the RK Appellees' purpose for disclosing the copy of her driver's license was not permitted under the DPPA, the district court did not err in dismissing it for failure to state a claim under Rule 12(b)(6).

7

## II.  CONCLUSION

The district court did not err in dismissing Chevaldina's second amended complaint for lack of subject-matter jurisdiction because the complaint did not, on its face, allege there was complete diversity of citizenship among the parties at the time Chevaldina commenced the action in federal court.[4]  Moreover, the district court did not clearly err in its factual determination there was no diversity of citizenship between the parties because its finding Chevaldina had not changed her domicile prior to filing her original complaint was plausible in light of the record viewed in its entirety.  Similarly, the district court did not err in dismissing Chevaldina's DPPA claim because her second amended complaint failed to allege the RK Appellees' purpose for disclosing a copy of her driver's license was not statutorily permitted.

**AFFIRMED.**

---

[4]  Because we conclude the district court did not have jurisdiction over her diversity jurisdiction claims, it is not necessary for us to consider Chevaldina's arguments on appeal concerning the merits of those claims.