[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12731
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00003-LGW-JEG

DWAYNE SIMPSON,

                                                                    Plaintiff - Appellant,

                        versus

ROBERT FENDER,
CAROL FENDER,
LINDSEY FENDER,

                                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 27, 2011)

Before TJOFLAT, CARNES, and FAY, Circuit Judges.

PER CURIAM:

Dwayne Simpson appeals the district court's judgment granting the defendants' motion to dismiss for lack of subject matter jurisdiction. He contends that the district court erred when it concluded that there was not complete diversity of citizenship. He argues that at the time he filed his complaint he was a citizen of Florida and the defendants were citizens of Georgia.

I.

Simpson filed a lawsuit against the defendants in federal district court, claiming negligence in an automobile accident and asserting that the court had subject matter jurisdiction based on diversity of citizenship under 42 U.S.C. § 1332. In his complaint, Simpson alleged that he was "a resident of Clay County, Florida" and that the defendants were "citizens and residents of Coffee County, Georgia." After discovery, the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). They contended that Simpson was a citizen of Georgia and that the district court lacked subject matter jurisdiction because there was no diversity of citizenship.

The district court found that the evidence did not demonstrate that Simpson was domiciled in Florida. He had offered no evidence other than his own deposition testimony that his domicile was in Florida, but the defendants had offered an array of evidence showing that Simpson's domicile was in Georgia.

Specifically, the court noted that the defendants had presented evidence: that Simpson either owned or rented a home in Douglas, Georgia; that he applied for utility services there; that he reported his Georgia address to a child support office; that he applied for a business license in Coffee County, Georgia and listed his Georgia address on the license; and that his state-issued identification bore a Douglas, Georgia address. The court found that Simpson had failed to show by a preponderance of the evidence that his domicile was in Florida. It concluded there was no diversity and that it, therefore, lacked subject matter jurisdiction.

Simpson contends that the district court's conclusion was clearly erroneous. He argues that the district court considered irrelevant evidence that concerned his presence in Georgia both before and after his filing of this action. He argues that the district court relied on that evidence to conclude that Simpson had not changed his citizenship from Georgia to Florida. Although he concedes that his maintenance of a Georgia address, receipt of mail at that address, and his Georgia employment are all evidence that he remained a Georgia citizen, he maintains that evidence is unpersuasive. He argues that the court should have concluded based on his deposition testimony that he had been living in Florida continuously for 2–3

months[1] and intended to remain there indefinitely at the time he filed his complaint.

## II.

We review de novo a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. Estate of Amergi ex rel. Amergi v. Palestinian Auth., 611 F.3d 1350, 1356 (11th Cir. 2010). We review only for clear error, however, the court's jurisdictional factfindings. Underwriters at Lloyd's, London v. Osting Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). That review is "highly deferential and requires we uphold the district court's factual determinations so long as they are plausible in light of the record viewed in its entirety." Id. (quotation marks omitted). Thus a district court's finding of domicile will not be disturbed unless we are left with a definite and firm conviction that a mistake has been committed. See Scoggins v. Pollock, 727 F.2d 1025, 1027 (11th Cir. 1984).

Diversity jurisdiction exists where there is "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000." Davis v. Cannon Chevrolet-Olds, Inc., 182 F.3d 792, 794 (11th Cir. 1999); see also 28

---

[1] At his September 14, 2010 deposition, Simpson testified that he had been living in Florida continuously for 10–11 months. This deposition took place roughly 8 months after he filed his complaint on January 8, 2010.

U.S.C. § 1332(a). "Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "Citizenship for diversity purposes is determined at the time the suit is filed." Id.

"Citizenship is equivalent to domicile for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (quotation marks omitted). "A person's domicile is the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257–58 (quotation marks omitted). "Furthermore, a change of domicile requires . . . (1) physical presence at the new location with (2) an intention to remain there indefinitely." Id. at 1258 (quotation marks omitted).

"[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." Aderholt, 293 F.3d at 1257. In the present case, Simpson bore the burden of showing by a preponderance of the evidence that at the time he filed his lawsuit he was not domiciled in Georgia.

III.

Simpson concedes there was evidence that he was domiciled in Georgia when he filed his complaint. Although he argues that his deposition testimony established that he was in Florida and intended to remain there indefinitely when he filed his complaint, the district court found that testimony was entitled to little weight when compared with the evidence offered by the defendants. See Hendry v. Masonite Corp., 455 F.2d 955, 956 (5th Cir. 1972)[2] ("In determining one's 'citizenship' or 'domicile' statements of intent are entitled to little weight when in conflict with facts."). Because Simpson produced no other evidence that he had changed his domicile, the district court's decision that he had not proven by a preponderance of the evidence that he was domiciled in Florida was not clear error.

In light of that factfinding, the district court's decision to dismiss for lack of subject matter jurisdiction was not erroneous.

**AFFIRMED.**

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.